UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

CASE NO.:

COLLECTIVE ACTION

JOEL LATORRE, individually and
on behalf of all those similarly
situated, and KAREN WYCOFF,
individually,

               **Plaintiffs,**

vs.

MARTIAL ARTS WORLD AMERICA, INC,
MARTIAL ARTS WORLD OF ORLANDO INC,
YOUNG K. KIM, and KIRK PELT,

               **Defendants.**

_____/

## PLAINTIFFS' COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiffs, JOEL LATORRE ("Mr. Latorre"), individually and on behalf of all other similarly situated employees, and KAREN WYCOFF ("Ms. Wycoff"), individually, by and through undersigned counsel, hereby file this Collective Action Complaint and Demand for Jury Trial against MARTIAL ARTS WORLD AMERICA, INC, MARTIAL ARTS WORLD OF ORLANDO INC, YOUNG K. KIM, ("Mr. Kim"), and KIRK PELT, ("Mr. Pelt"), and states as follows:

1

# I.   __INTRODUCTION__

1.    This is an individual action and collective action under the Federal Fair Labor Standards Act, for failure to pay overtime wages in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et. seq.* (hereinafter "FLSA").

2.    This lawsuit is not dealing with mere chattels or articles of trade but with the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others, in this case-Martial Arts World.  Those are the rights that Congress has specially legislated to protect in the FLSA.

3.    The FLSA prevents the exploitation of a class of workers who are in an unequal position with respect to bargaining power and are thus relatively defenseless against the denial of a living wage is not only detrimental to their health and wellbeing but casts a direct burden for their support upon the community. What these workers lose in wages the taxpayers are called upon to pay.

4.    Because of such unequal bargaining power, the Class Representative, Mr. Latorre, brings this action on behalf of other similarly situated employees who were employed by Martial Arts World of America, Inc as instructors. (hereinafter referred to as "Instructors").

5.      Mr. Latorre also brings an individual claim on behalf of himself against Martial Arts World of America, Inc and Martial Arts World of Orlando Inc.

6.      Ms. Wycoff also brings an individual claim on behalf of herself against Martial Arts World of America, Inc and Martial Arts World of Orlando Inc.

7.      The Class Representative will seek conditional certification and notice to an opt-in class of "Instructors" who are or were employed by Martial Arts World of America, Inc at any of its Florida locations during the three years preceding the filing of the Complaint and were not properly paid overtime wages in violation of the FLSA.

## II.    <u>JURISDICTION AND VENUE</u>

8.      This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331.

9.      Venue is proper in this Court under 28 U.S.C. § 1391(b).

## III.   <u>FACTUAL ALLEGATIONS</u>

10.     Martial Arts World America, Inc. is a martial arts business.

11.     Martial Arts World America, Inc employs Instructors to provide its services to its clients.

12.     Martial Arts World America, Inc has engaged in unfair labor practices.

13.     The Instructors are directly engaged in providing the services to Martial Arts World America, Inc's clients.

14.     Martial Arts World America, Inc has four (4) locations in Florida- Orlando, Hunters Creek, Eustis, and Lake Mary.

15.     Martial Arts World of Orlando Inc is in the martial arts business.

16.     Martial Arts World of Orlando Inc employs Instructors to provide its services to clients.

17.     Defendant, Mr. Kim, is an officer of Martial Arts World America, Inc.

18.     Defendant, Mr. Kim, is involved in the day-to-day operation of Martial Arts World America, Inc and Martial Arts World of Orlando Inc.

19.     Defendant, Mr. Kim guided the company policies of Martial Arts World America, Inc and Martial Arts World of Orlando Inc.

20.     Defendant, Mr. Kim actively engaged in the management, supervision, and oversight of Defendants, Martial Arts World America, Inc and Martial Arts World of Orlando Inc.

21.     Defendant, Mr. Kim had control over the financial affairs of Defendants, Martial Arts World America, Inc and Martial Arts World of Orlando Inc.

22.     Defendant, Mr. Kim could have authorized Defendants, Martial Arts World America, Inc and Martial Arts World of Orlando Inc's compliance with the FLSA.

23.     Defendant, Mr. Kim at all times material hereto was acting directly or indirectly in the interest of Defendants, Martial Arts World America, Inc and Martial Arts World of Orlando Inc in relation to Martial Arts World America, Inc and Martial Arts World of Orlando Inc's employees and was substantially in control of the terms and conditions of the employees' work and is a statutory employer under 29 U.S.C. § 203(d).

24.     Defendant, Mr. Kim conducted training at Martial Arts World America, Inc every Thursday for the Florida locations of Martial Arts World America, Inc to attend.

25.     Defendant, Mr. Pelt is an officer of Martial Arts World America, Inc and Martial Arts World of Orlando Inc.

26.     Defendant, Mr. Pelt is involved in the day-to-day operation of Martial Arts World America, Inc and Martial Arts World of Orlando Inc.

27.     Defendant, Mr. Pelt guided the company policies of Martial Arts World America, Inc and Martial Arts World of Orlando Inc.

28.     Defendant, Mr. Pelt actively engaged in the management, supervision, and oversight of Defendants, Martial Arts World America, Inc and Martial Arts World of Orlando Inc.

29.     Defendant, Mr. Pelt had control over the financial affairs of Defendants, Martial Arts World America, Inc and Martial Arts World of Orlando Inc.

30.     Defendant, Mr. Pelt hired Mr. Latorre.

31.     Defendant, Pelt hired Ms. Wycoff.

32.     Defendant, Mr. Pelt participate in the training provided at Martial Arts World America, Inc every Thursday for the Florida locations of Martial Arts World America, Inc to attend.

33.     Defendant, Mr. Pelt could have authorized Defendants, Martial Arts World America, Inc and Martial Arts World of Orlando Inc's compliance with the FLSA.

34.     Defendant, Mr. Pelt, at all times material hereto was acting directly or indirectly in the interest of Defendants, Martial Arts World America, Inc and Martial Arts World of Orlando Inc in relation to Martial Arts World America, Inc and Martial Arts World of Orlando Inc's employees and was substantially in control of the terms and conditions of the employees' work and is a statutory employer under 29 U.S.C. § 203(d).

35.     Defendant, Martial Arts World America, Inc, is an "employer" as defined by 29 U.S.C. § 203(d). The Defendant, Martial Arts World America, Inc, has employees subject to the provisions of the FLSA, 29 U.S.C.

§ 207, in the facility where Mr. Latorre and Ms. Wycoff were employed as well as its other Central Florida Locations.

36.     Defendant, Martial Arts World America, Inc, has employed two or more persons, including Mr. Latorre, "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person," as defined by 29 U.S.C. § 203(s)(1)(A)(i).

37.     Mr. Latorre and Ms. Wycoff aver that at all times relevant to the violations of the Fair Labor Standards Act, Defendant, Martial Arts World America, Inc, was an enterprise whose annual gross volume of sales made or business done was not less than $500,000, in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

38.     Defendant, Martial Arts World of Orlando Inc, is an "employer" as defined by 29 U.S.C. § 203(d). The Defendant, Martial Arts World of Orlando Inc, has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the facility where Mr. Latorre and Ms. Wycoff were employed as well as its other Central Florida Locations.

39.     Defendant, Martial Arts World of Orlando Inc, has employed two or more persons, including Mr. Latorre, "engaged in commerce or in the production of goods for commerce," or has "had employees handling,

selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person," as defined by 29 U.S.C. § 203(s)(1)(A)(i).

40.     Mr. Latorre and Ms. Wycoff aver that at all times relevant to the violations of the Fair Labor Standards Act, Defendant, Martial Arts World of Orlando Inc, was an enterprise whose annual gross volume of sales made or business done was not less than $500,000, in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

41.     Defendant, Martial Arts World America, Inc, maintains and operates its martial arts business at 1630 East Colonial Drive, Orlando, Florida 32803.

42.     Defendant, Martial Arts World of Orlando Inc, maintains and operates its martial arts business at 1630 East Colonial Drive, Orlando, Florida 32803.

43.     Defendant, Martial Arts World America, Inc, holds itself out to the public as having four (4) locations in Central Florida and six (6) locations in Virginia.  (*See* https://martialartsworld.com/martial-arts-school/).

44.      Defendants, Martial Arts World America, Inc and Martial Arts World of Orlando Inc, are suing Mr. Latorre and Ms. Wycoff in Florida State Court for breach of a restrictive covenant. (*See Martial Arts World America,*

*Inc. and Martial Arts World of Orlando, Inc. v. Joel Latorre, et. al.*, Case No.: 2022-CA-10418-O (Fla. 9th Jud. Cir. 2022).

45.    In that Complaint, Martial Arts World America, Inc and Martial Arts World of Orlando Inc state that they employed Mr. Latorre for five (5) years.  (*See Martial Arts World America, Inc. and Martial Arts World of Orlando, Inc. v. Joel Latorre, et. al.*, Case No.: 2022-CA-10418-O (Fla. 9th Jud. Cir. 2022) (Complaint at ¶ 16).

46.    In that Complaint, Martial Arts World America, Inc and Martial Arts World of Orlando Inc state that they employed Ms. Wycoff for two-and-a-half years (2.5) years.  (*See Martial Arts World America, Inc. and Martial Arts World of Orlando, Inc. v. Joel Latorre, et. al.*, Case No.: 2022-CA-10418-O (Fla. 9th Jud. Cir. 2022) (Complaint at ¶ 17).

47.    Defendants, Martial Arts World America, Inc and Martial Arts World of Orlando Inc were at all times material hereto, joint employers of Mr. Latorre, and all similarly situated Instructors, as well as, Ms. Wycoff.

48.    For the three (3) years preceding the filing of this lawsuit, Martial Arts World America, Inc and Martial Arts World of Orlando Inc were joint employers and were engaged in a joint enterprise.

49.    For the three (3) years preceding the filing of this lawsuit, Martial Arts World of Orlando Inc directly and indirectly acted in the

interest of, Martial Arts World America, Inc with respect to Mr. Latorre, and all similarly situated Instructors, as well as, Ms. Wycoff.

50.     For the three (3) years preceding the filing of this lawsuit, Martial Arts World America, Inc and Martial Arts World of Orlando, Inc, shared control of the work performed by Mr. Latorre, and all similarly situated Instructors, as well as, Ms. Wycoff.

51.     For the three (3) years preceding the filing of this lawsuit, Martial Arts World America, Inc and Martial Arts World of Orlando Inc, were not completely disassociated with respect to the employment of Mr. Latorre, and all similarly situated Instructors, as well as, Ms. Wycoff.

52.     For the three (3) years preceding the filing of this lawsuit, Martial Arts World America, Inc and Martial Arts World of Orlando Inc, operated out of the same facility in Orlando, Florida.

53.     For the three (3) years preceding the filing of this lawsuit, Martial Arts World America Inc represented to the public that the other locations in Central Florida were Martial Arts World America, Inc's locations.

54.     For the three (3) years preceding the filing of this lawsuit, Martial Arts World America, Inc and Martial Arts World of Orlando Inc, exercised control over Mr. Latorre, and all similarly situated Instructors, as well as, Ms. Wycoff.

55.     For the three (3) years preceding the filing of this lawsuit, Mr. Latorre, and all similarly situated Instructors, as well as, Ms. Wycoff help to effectuate the common business purpose of its employers, Martial Arts World America, Inc and Martial Arts World of Orlando Inc.

56.     For the three (3) years preceding the filing of this lawsuit, Martial Arts World America, Inc and Martial Arts World of Orlando Inc, had a common business purpose of operating martial arts studios.

57.     For the three (3) years preceding the filing of this lawsuit, Martial Arts World America, Inc and Martial Arts World of Orlando Inc were operationally interdependent.

58.     The Class Representative, Mr. Latorre, was employed by Martial Arts World America, Inc and Martial Arts World of Orlando Inc as an Instructor.

59.     Mr. Latorre was employed by Martial Arts World America, Inc and Martial Arts World of Orlando Inc from approximately 2016 until August 15, 2022.

60.     As an Instructor, Mr. Latorre's job duties included but are not limited to, providing martial arts services to Martial Arts World America, Inc and Martial Arts World of Orlando Inc's clients.

61.     Mr. Latorre was an employee of Martial Arts World America, Inc and Martial Arts World of Orlando Inc.

11

62.     Pursuant to the FLSA, Mr. Latorre was not an exempt employee of Martial Arts World America, Inc and Martial Arts World of Orlando Inc.

63.     Mr. Latorre, and other similarly situated Instructors, worked over forty hours in numerous workweeks for Martial Arts World America, Inc and Martial Arts World of Orlando Inc in the last three years without being paid overtime wages.

64.     At all times relevant to his employment with Martial Arts World America, Inc and Martial Arts World of Orlando Inc, Mr. Latorre regularly used the instrumentalities of interstate commerce while performing their work.  At all times relevant to his employment, Mr. Latorre also regularly used the channels of commerce while performing his work.

65.     Ms. Wycoff was an employee of Martial Arts World America, Inc and Martial Arts World of Orlando Inc.

66.     Ms. Wycoff was an employee of Martial Arts World America, Inc and Martial Arts World of Orlando Inc from approximately 2020 until August 31, 2022.

67.     Ms. Wycoff worked as an Instructor for Martial Arts World America, Inc and Martial Arts World of Orlando Inc.

68.     Ms. Wycoff also performed additional duties for Martial Arts World America, Inc and Martial Arts World of Orlando Inc to include

cleaning the bathrooms, cleaning the matts, basic office tasks, and other tasks as needed.

69.    Pursuant to the FLSA, Ms. Wycoff was not an exempt employee of Martial Arts World America Inc and Martial Arts World of Orlando Inc.

70.    Ms. Wycoff worked over forty hours in numerous workweeks for Martial Arts World America, Inc and Martial Arts World of Orlando Inc in the last three years without being paid overtime wages.

71.    At all times relevant to her employment with Martial Arts World America, Inc and Martial Arts World of Orlando Inc, Ms. Wycoff regularly used the instrumentalities of interstate commerce while performing her work.  At all times relevant to her employment, Ms. Wycoff also regularly used the channels of commerce while performing her work.

72.    Martial Arts World America, Inc and Martial Arts World of Orlando Inc had knowledge that Mr. Latorre was working overtime without proper compensation.

73.    Martial Arts World America, Inc and Martial Arts World of Orlando Inc had knowledge that Ms. Wycoff was working overtime without proper compensation.

74.    Martial Arts World America, Inc and Martial Arts World of Orlando Inc failed to make a good faith effort to determine if Mr. Latorre,

and similarly situated Instructors, were being compensated appropriately pursuant to the FLSA.

75. Martial Arts World America, Inc and Martial Arts World of Orlando Inc failed to make a good faith effort to determine if Ms. Wycoff was being compensated appropriately pursuant to the FLSA.

76. Martial Arts World America, Inc and Martial Arts World of Orlando Inc has failed to maintain and keep accurate time records as required by the FLSA. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

77. Martial Arts World America, Inc and Martial Arts World of Orlando Inc also failed to post the required notice pursuant to the FLSA.

78. Mr. Latorre, individually and on behalf of the class, as well as Ms. Wycoff, individually, have retained LaBar & Adams, P.A. as Class Counsel to represent himself, the Class, and Ms. Wycoff and has agreed to pay said firm a reasonable attorney's fee for its services.

## V.   COLLECTIVE ACTION ALLEGATIONS

79. Class Representative, Mr. Latorre, brings this action on behalf of himself as well as other similarly situated employees who were employed by Martial Arts World America, Inc as an Instructor in one of its Florida locations.

80.     Specifically, Class Representative, Mr. Latorre, brings the class' claim under the Fair Labor Standards Act as a collective action, and will request the Court to grant conditional class certification under 29 U.S.C. § 216(b).

81.     Class Representative, Mr. Latorre will seek class certification of all employees of Martial Arts World America, Inc who: (1) were employed as "Instructors" at a Martial Arts World America Inc's Florida location during the preceding three (3) years; and (2) worked more than forty hours in a workweek without being paid proper overtime compensation.

82.     Class Representative, Mr. Latorre, and the similarly situated Instructors had similar job duties and were subjected to the same illegal policies and practices.

83.     Martial Arts World America, Inc did not pay any Instructors overtime wages pursuant to the Fair Labor Standards Act.

84.     Martial Arts World America Inc's unlawful compensation practices are in willful disregard of the rights of the Class Representative, Mr. Latorre, and the similarly situated Instructors.

85.     Martial Arts World America, Inc's labor conditions are detrimental to the health, efficiency, and the general well-being of the community and is in violation of the Fair Labor Standards Act.

**COUNT I**
**PLAINTIFF, JOEL LATORRE'S INDIVIDUAL CLAIM**
**FOR VIOLATIONS OF THE OVERTIME PROVISION OF**
**THE FAIR LABOR STANDARDS ACT**

86.    Plaintiff, Mr. Latorre, re-alleges and incorporates herein the allegations contained in paragraphs 1-78 above.

87.    Mr. Latorre was employed as a "Instructor" by Martial Arts World America, Inc and Martial Arts World of Orlando Inc from approximately 2016 until August 15, 2022.

88.    From approximately 2016 until August 15, 2022, Martial Arts World America, Inc and Martial Arts World of Orlando Inc repeatedly and willfully violated § 7 and § 15 of the Fair Labor Standards Act by failing to compensate Mr. Latorre at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours.  Specifically, Mr. Latorre worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed.

89.    Martial Arts World America, Inc and Martial Arts World of Orlando Inc willfully failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

90.    Martial Arts World America, Inc and Martial Arts World of Orlando Inc failed to post the required notice pursuant to the Fair Labor

16

Standards Act.

WHEREFORE, Mr. Latorre demands a judgment against Martial Arts World America, Inc and Martial Arts World of Orlando Inc, jointly and severally, for the following:

(a)   Unpaid overtime wages found to be due and owing;

(b)   An additional amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c)   Prejudgment interest;

(d)   A reasonable attorney's fee and costs; and,

(e)   Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Mr. Latorre demands a jury trial on all issues contained in Count I.

## COUNT II
## COLLECTIVE ACTION BY CLASS REPRESENTATIVE, JOEL LATORRE, FOR VIOLATIONS OF THE OVERTIME PROVISION OF THE FAIR LABOR STANDARDS ACT

91.   Mr. Latorre, as Class Representative, re-alleges and incorporates herein the allegations contained in paragraphs 1-85 above.

92.   Throughout the employment of the Class Representative, Mr. Latorre, and all other similarly situated Instructors, the Defendant, Martial Arts World America, Inc repeatedly and willfully violated § 7 and § 15 of the Fair Labor Standards Act by failing to compensate Mr. Latorre and all other similarly situated Instructors, at a rate not less than one and one-half times

the regular rate at which they were employed for workweeks longer than forty (40) hours.

93.   Specifically, Class Representative, Mr. Latorre, and all other similarly-situated "Instructors," worked numerous weeks throughout their employment in excess of forty (40) hours a week, yet were not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

94.   Martial Arts World America, Inc failed to maintain and keep accurate time records as required by the Fair Labor Standards Act. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al*.

95.   Martial Arts World America, Inc failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Class Representative, Mr. Latorre, on behalf of himself and similarly situated employees, demands judgment against Martial Arts World America, Inc for the following:

(a)   Unpaid overtime wages found to be due and owing;

(b)   An additional amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c)   Prejudgment interest;

(d)   Reasonable attorney's fee and costs; and,

(e)   Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Class Representative, Mr. Latorre, on behalf of similarly situated Instructors, demands a jury trial on all issues contained in Count II.

## COUNT III
## PLAINTIFF, KAREN WYCOFF'S INDIVIDUAL CLAIM FOR VIOLATIONS OF THE OVERTIME PROVISION OF THE FAIR LABOR STANDARDS ACT

96.     Plaintiff, Ms. Wycoff, re-alleges and incorporates herein the allegations contained in paragraphs 1-78 above.

97.     Ms. Wycoff was employed by Martial Arts World America, Inc and Martial Arts World of Orlando Inc from approximately 2020 until August 31, 2022.

98.     From approximately 2020 until August 31, 2022, Martial Arts World America, Inc and Martial Arts World of Orlando Inc repeatedly and willfully violated § 7 and § 15 of the Fair Labor Standards Act by failing to compensate Ms. Wycoff at a rate not less than one and one-half times the regular rate at which she was employed for workweeks longer than forty (40) hours.  Specifically, Ms. Wycoff worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which she was employed.

99.     Martial Arts World America, Inc and Martial Arts World of Orlando Inc willfully failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

10.     Martial Arts World America, Inc and Martial Arts World of Orlando Inc failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Ms. Wycoff demands a judgment against Martial Arts World America, Inc and Martial Arts World of Orlando Inc, jointly and severally, for the following:

(a)     Unpaid overtime wages found to be due and owing;

(b)     An additional amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c)     Prejudgment interest;

(d)     A reasonable attorney's fee and costs; and,

(e)     Such other relief as the Court deems just and equitable.

## <u>JURY TRIAL DEMAND</u>

Mr. Wycoff demands a jury trial on all issues contained in Count III.

Dated:  March 6, 2023

Respectfully submitted,

/s/ *Scott C. Adams*
SCOTT C. ADAMS, ESQ.
Lead Counsel
Florida Bar No.: 0573442
Email: sadams@labaradams.com
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)