**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOEL LATORRE, individually, and on behalf of all those similarly situated, and KAREN WYCOFF, individually,

Plaintiffs, CASE NO. 6:23-cv-401-PGB-LHP

v.

MARTIAL ARTS WORLD AMERICA, INC., MARTIAL ARTS WORLD OF ORLANDO, INC., YOUNG K. KIM, and KIRK PELT,

Defendants.

---

**JOINT MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT AND DISMISSING CASE WITH PREJUDICE**

Plaintiffs, Joel Latorre ("Latorre"), individually and on behalf of all those similarly situated, and Karen Wycoff ("Wycoff"), individually, (collectively, "Plaintiffs"), and Defendants, Martial Arts World America, Inc. ("MAW-America"), Martial Arts World of Orlando, Inc. ("MAW-Orlando"), Young K. Kim ("Kim"), and Kirk Pelt ("Pelt"), (collectively, "Defendants"), by and through their respective undersigned counsel, hereby file this Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice and jointly request that this Honorable Court approve the settlement reached in this matter and dismiss this case with prejudice, and in support thereof, state:

# MEMORANDUM OF LAW

## I. Legal Principles

This is an action brought by Plaintiffs for alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 210 *et. seq*. Defendants deny any and all liability with regards to Plaintiffs' claims, including the amount of any alleged unpaid overtime wages in this action and assert that Plaintiffs were at all times properly compensated under the FLSA.

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which contested claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id*. In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more

> likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiffs' FLSA claims against Defendants. The proposed settlement arises out of an action brought by Plaintiffs against their alleged former employer (MAW-Orlando), their alleged former employer's franchisor (MAW-America), a corporate officer of their alleged former employer (Pelt), and a corporate officer of their alleged former employer's franchisor (Kim), which was adversarial in nature.

The Parties agree that the instant action involves disputed issues. First, Defendants' position is that Plaintiffs cannot recover against Kim or Pelt in their individual capacities because Plaintiffs cannot satisfy the standard to impose personal liability upon Kim or Pelt under the FLSA. Second, Defendants' position is that Plaintiffs cannot recover against MAW-America because MAW-America was never Plaintiffs' employer. Third, Defendants claim that Latorre is exempt from the FLSA's overtime provisions because he satisfies the test to fall within the executive exemption. Fourth, Defendants advance that Plaintiffs misled MAW-Orlando as at no time did they ever inform MAW-Orlando that they were allegedly working more than 40 hours per

week, and thus, Plaintiffs intentionally and purposely failed to accurately report to MAW-Orlando the hours that they were allegedly working and the wages that they believed were due them. Fifth, Defendants argue that MAW-Orlando had no reason to believe that the hours that Plaintiffs were reporting were not accurate.[1] Notwithstanding these disputed issues, although Defendants dispute their liability for the allegedly owed overtime wage payments to Plaintiffs, they have ultimately agreed to settle the disputed claims.

With regards to legal fees, a court reviewing an FLSA settlement must review "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). In the wake of *Silva*, persuasive district court authority has deemed scrutiny of the reasonableness of plaintiff's agreed-upon attorney's fees to be unnecessary in an FLSA settlement where "the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff," except in circumstances where "the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney." *Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009); *see also Wing v. Plann B Corp*., No. 6:11-cv-1499-Orl-36GJK, 2012 WL 4746258, at *4 (M.D. Fla. Sept. 17, 2012) (declining to examine reasonableness of attorney's fee payment in

[1] These five disputed issues shall collectively be referred to as "Defendants' Defenses."

FLSA settlement where the FLSA claims were compromised, there was a reasonable basis for such compromise, and "Plaintiff's claims were resolved separately and apart from the issue of attorneys' fees," such that "there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees and costs to be paid to Plaintiff's counsel").

As explained in *Bonetti*,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

715 F. Supp. 2d at 1228. Thus, Judge Presnell concluded in *Bonetti* that

> if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.*

## II. Terms of Settlement

1. This case involves claims made by Plaintiffs for alleged unpaid overtime wages

under the FLSA.

2. The parties agree that there are genuine disputes as to whether or not Plaintiffs worked the alleged number of hours on a weekly basis; whether or not Plaintiffs were in fact paid properly for all hours Plaintiffs allegedly worked, including overtime; and whether or not any alleged violations of the FLSA, if any, were willful.

3. Based on the disputed issues of fact, including Defendants' Defenses, Plaintiffs could have been barred from any recovery in this matter with regards to their claims under the FLSA had Defendants prevailed on their defenses and/or had Plaintiffs not been able to establish their claims.

4. Notwithstanding, after extensive negotiations held by the parties, the parties were able to reach a settlement between them that resolved all of Plaintiffs' claims, including those for attorney's fees and costs, which were negotiated separate and apart.

5. Plaintiffs and Defendants herein state that the settlement reached between them with respect to Plaintiffs' claimed FLSA damages represents a fair and reasonable resolution of disputed claims and that the terms of the settlement are acceptable to both Plaintiffs and Defendants. Specifically, based upon their respective estimates of Plaintiffs' underlying claims and their claims for attorney's fees and costs, the parties negotiated the settlement amount herein.

6. In settlement, Latorre is entitled to a total of $10,000.00 as full relief and compensation of any alleged unpaid overtime wages, liquidated damages, and

any other claims for unpaid wages he may have against Defendants under the FLSA. With respect to the above-noted amount of $10,000.00, $5,000.00 shall be allocated in satisfaction of Latorre's claim for "unpaid wages"; and $5,000.00 shall be allocated in satisfaction of Latorre's claim for "liquidated damages" and any other claims for unpaid wages claimed by Latorre under the FLSA in this action. The parties agree that upon careful review of Latorre's dates of alleged employment; days per week Latorre actually worked; hours which Latorre worked; time and pay records; and all available evidence pertaining to Latorre's employment, this amount represents a fair and reasonable compromise of the disputed claims.

7. In settlement, Wycoff is entitled to a total of $10,000.00 as full relief and compensation of any alleged unpaid overtime wages, liquidated damages, and any other claims for unpaid wages she may have against Defendants under the FLSA. With respect to the above-noted amount of $10,000.00, $5,000.00 shall be allocated in satisfaction of Wcyoff's claim for "unpaid wages"; and $5,000.00 shall be allocated in satisfaction of Wycoff's claim for "liquidated damages" and any other claims for unpaid wages claimed by Wycoff under the FLSA in this action. The parties agree that upon careful review of Wycoff's dates of alleged employment; days per week Wycoff actually worked; hours which Wycoff worked; time and pay records; and all available evidence pertaining to Wycoff's employment, this amount represents a fair and reasonable compromise of the disputed claims.

8. Accordingly, the amount of this settlement to Plaintiffs is fair and reasonable given that: Plaintiffs could be receiving compensation for their highly disputed FLSA claims ($5,000.00 to each of Plaintiffs), plus an equal amount in liquidated damages ($5,000.00 to each of Plaintiffs); Plaintiffs' claims are highly disputed, especially in light of time and pay records reflecting that Plaintiffs did not work overtime; Defendant's Defenses; and the fact that Plaintiffs could be barred from recovery in this matter should Defendants prevail on their defenses or should Plaintiffs not be able to establish their claims at trial. Additionally, this settlement is also reasonable given the high costs of defending and litigating this matter further and the time and resources which would have been expended by both parties in taking this mater to trial. This settlement was arrived at after considerable negotiation by the parties, and Defendants do not admit any liability in this action.

9. Separate and apart, Plaintiffs' counsel is entitled to $20,000.00 in attorney's fees, expenses, and costs, which have been incurred to date in this action, including preparation and review of all settlement documents. Plaintiffs' counsel, who has more than 20 years of experience litigating employment related matters, charges an hourly rate of $350.00. This is a reasonably hourly rate, especially in view of the higher rates awarded to attorneys in other FLSA cases with similar levels of experience or less. *See, e.g.*, *Lopez v. City Buffet Inc.*, Case No.:6:19-cv-1151, 2022 WL 783829 *1 (M.D. Fla. Jan. 7, 2020 (finding that $400 per hour reasonable in an FLSA case for a 16 year attorney); *Perez v.*

*Margaritas V&P, Inc.*, Case No.: 6:22-cv-1133-RBD-EJK, 2023 WL 2696182 *5 (M.D. Fla. March 14, 2023)(Finding that $400 per hour reasonable in an FLSA case for a 11 year attorney); *Rismay v. Alterations by Lucy and Crisp & Clean Dry Cleaning and More, LLC.*, Case No.: 6:20-cv-1357-GAP-EJK, 2022 WL 687125 *2 (M.D. Fla. Feb. 18, 2022)( Finding that $400 per hour reasonable in an FLSA case for a 20 year attorney)).

10. Paralegal Judy Cane has 24 years as a paralegal and has extensive experience in both state and federal court litigation, including drafting complaints, discovery, motions, and affidavits. Mrs. Cane has been the lead paralegal on over 150 employment cases filed in the Middle District from 2007 to the present to include the multi-party and collective action cases cited above. An hourly rate of $125.00 is a reasonable hourly rate consistent with rates approved by this Court for similarly or less experienced paralegals. *See e.g. Perez v. Margaritas V&P, Inc.*, Case No.: 6:22-cv-1133-RBD-EJK, 2023 WL 2696182 *5 (M.D. Fla. March 14, 2023)(Finding that $125 per hour reasonable in an FLSA case for a 7 year paralegal); *Rismay,* 2022 WL 687125 *2 (Finding that $125 per hour reasonable in an FLSA case).

11. Plaintiffs' counsel hereby certifies that approximately 115.50 hours have been expended on this matter to date, which includes, but is not limited to, attending pre-suit mediation, preparing pleadings, motion practice, preparing discovery, time spent reviewing employment records, settlement negotiations, attorney-client communications, and other off-the-record activity. Notwithstanding,

Plaintiffs' counsel's attorney's fees and costs were negotiated separate and apart. Consequentially, the amount of fees and costs negotiated did not compromise in any way the amount allocated to Plaintiffs and Plaintiffs' recovery was not adversely affected by the amount of attorney's fees and costs.

12. As set forth by the cited authority above, because attorney's fees, expense and costs were determined separately and apart from Plaintiffs' recovery, this Honorable Court should find that the settlement and attorney's fees were agreed upon without compromising the amount paid to Plaintiffs and approve the settlement without separately considering the reasonableness of the fee to be paid to Plaintiffs' counsel.

13. Although Plaintiffs are entitled to $40,000.00 total in unpaid wages, liquidated damages, and attorney's fees and costs pursuant to the settlement, Defendants will not be issuing any monetary payment to Plaintiffs for these amounts. Specifically, the $40,000.00 will be offset from the settlement amount that the parties negotiated in a state-court lawsuit, in which MAW-America and MAW-Orlando have alleged causes of action against Latorre and Wycoff for breach of contract and tortious interference on the basis that Latorre and Wycoff violated the terms of their noncompetition agreements. *See Martial Arts World Am., Inc. v. Latorre*, No. 2022-CA-10418-O (9th Jud. Cir.) ("State-Court Litigation"). Pursuant to the terms of the settlement in the State-Court Litigation, MAW-America and MAW-Orlando are entitled to $90,000.00 from Latorre and Wycoff. For convenience and efficiency purposes, in lieu of exchanging

payments between each other, Latorre, Wycoff, MAW-America, and MAW-Orlando agree that the settlement amounts from the State-Court Litigation and the FLSA lawsuit should offset each other. Thus, under the terms of both settlements, Latorre and Wycoff will only have to pay MAW-America and MAW-Orlando $50,000.00 over a 50-month period.

14. In the State-Court Litigation, MAW-America and MAW-Orlando have obtained an expert report establishing that they are entitled to at least $272,000.00 in damages due to the alleged misconduct by Latorre and Wycoff. *See* Expert Report attached hereto as **Exhibit A**. Additionally, if MAW-America and MAW-Orlando were to be the prevailing party in the State-Court Litigation, they would be entitled to recover their reasonable attorney's fees and costs from Latorre and Wycoff, which to date are in excess of $111,000.00. Significantly, MAW-America and MAW-Orlando have already obtained a temporary injunction to prohibit Latorre and Wycoff from violating their noncompetition agreements. *See* State-Court Order attached hereto as **Exhibit B**. Additionally, MAW-America and MAW-Orlando obtained evidence that Latorre and Wycoff violated the injunction issued by the court in the State-Court Litigation, and thus, a hearing was scheduled for July 17, 2023 on MAW-America's and MAW-Orlando's request for the court to impose both compensatory and coercive civil sanctions against Latorre and Wycoff. *See*

Notice of Hearing in State-Court Litigation attached hereto as **Exhibit C**.[2]

15. Based on the above, Latorre and Wycoff were subject to a significant amount of monetary damages and other civil sanctions in the State-Court Litigation. Thus, as consideration for Latorre and Wycoff agreeing to settle this FLSA lawsuit, MAW-America and MAW-Orlando have agreed to accept a settlement payment in the State-Court Litigation for an amount that is significantly less than they reasonably believe that they are entitled to.

16. The FLSA settlement is fair and reasonable because Latorre and Wycoff are receiving a considerable amount of consideration by settling the FLSA lawsuit even though they are not directly receiving any settlement payment under the terms of the settlement. Specifically, MAW-America and MAW-Orlando are waiving their right to pursue over $380,000.00 in damages and attorney's fees and costs in the State-Court Litigation, as well as a finding that Latorre and Wycoff should be held in contempt of court, in exchange for a payment of $50,000.00. Further, pursuant to the terms of the settlement in the State-Court Litigation, Latorre and Wycoff only need to pay MAW-America and MAW-Orlando $1,000.00 per month over the course of 50 months and MAW-America and MAW-Orlando are agreeing to modify the terms of the temporary injunction issued in the State-Court Litigation to provide Latorre and Wycoff with additional flexibility to operate their business.

[2] The hearing was cancelled once the parties agreed to settle both the State-Court Litigation and the FLSA lawsuit.

17. While this may not be a typical settlement in the FLSA context, the parties acknowledge that this settlement is in the best interests of the parties, and in particular, Latorre and Wycoff. Settling the FLSA lawsuit and the State-Court Litigation under the terms of both settlement agreements provides a substantial benefit to Latorre and Wycoff. If the parties are required to proceed further with this FLSA lawsuit, Latorre and Wycoff will be severely prejudiced as they may ultimately be subject to nearly half a million dollars in damages in the State-Court Litigation, which would likely result in the closure of their business, as well as a contempt hearing in the State-Court Litigation. Rather, the settlement of the FLSA lawsuit and the State-Court Litigation provides a tremendous advantage to Latorre and Wcyoff as they only have to pay MAW-America and MAW-Orlando a substantially reduced amount of damages over a more than four-year period, which allows for their business to remain operational, and they avoid a possible contempt finding.

18. The parties' FLSA settlement agreement is attached hereto as **Exhibit D**.

19. The parties' State-Court Litigation settlement agreement is attached hereto as **Exhibit E**.

20. The attached agreements include every term and condition of the parties' settlement.

21. Having agreed to the terms of the settlement reached, Plaintiffs and Defendants respectfully request that this Honorable Court approve the FLSA settlement between the parties.

22. Accordingly, the parties respectfully request that this Court approve the settlement attributed to Plaintiffs' FLSA claims, dismiss this action with prejudice, and otherwise deny any pending motions as moot.

WHEREFORE, the Parties respectfully request that this Honorable Court approve the parties' FLSA settlement, dismiss this action with prejudice, and deny any pending motions as moot.

July 28, 2023

Respectfully submitted,

*/s/ Scott C. Adams*
Scott C. Adams, Esq.
Florida Bar No. 573442
sadams@labaradams.com
N. Ryan LaBar, Esq.
Florida Bar No. 10535
rlabar@labaradams.com
LaBar & Adams, PA
2300 E. Concord St.
Orlando, FL 32803
(407) 835-8968

*/s/ Mark E. Levitt*
Mark E. Levitt, Esq.
Florida Bar No. 193190
mlevitt@fordharrison.com
Howard M. Waldman, Esq.
Florida Bar No. 1002881
hwaldman@fordharrison.com
FordHarrison LLP
300 South Orange Avenue, Suite 1300
Orlando, FL 32801
(407) 418-2300

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 28, 2023, I electronically filed the foregoing document with the Clerk for the Court using CM/ECF which served an email copy upon: Scott C. Adams, Esquire and N. Ryan LaBar, Esquire, LaBar & Adams, PA, 2300 E. Concord St Orlando, Florida 32803 at sadams@labaradams.com and rlabar@labaradams.com.

*/s/ Mark E. Levitt*
Mark E. Levitt

WSACTIVELLP:112586444.1